STEVENSON, J.
This is an appeal from an order of the circuit court in Palm Beach County finding that it did not have jurisdiction to hear the appellant’s petition for modification of a child support order. Because the only order addressing appellant’s child support obligation was entered in Florida by the same court, we find that the trial court erred in determining that it did not have jurisdiction to modify that order.
The record before this court indicates that the parties to this appeal were divorced in Pennsylvania in 1993. Sometime after the divorce, the children’s mother moved to Florida. In February of 1995, George Urso, the then custodial parent of the two minor children, filed a URESA petition seeking to establish an initial order of child support in Florida. The petition was heard by the circuit court in Palm Beach County and, on March 4, 1996, the court rendered an order requiring the appellant to pay $104.15 per week in child support, plus an additional $10.00 per week to be applied toward the mother’s child support arrearage. In December of 1996, the mother was held in contempt of the Florida court for failing to pay the ordered amounts.
On July 3,1997, the mother filed a petition to modify her child support obligation in the Palm Beach County circuit court. At the hearing on the petition, the father, who appeared by telephone, told the trial judge that, in February of 1995, a Judge Rockwalter in Pennsylvania had entered an order having to do with the mother’s responsibilities for the children’s medical bills, dental bills, and life insurance. Following the hearing, the trial court entered the order on appeal, finding that it lacked jurisdiction to modify the support order and that appellant was required to seek modification in Pennsylvania. We disagree and reverse.
While it is not entirely clear from the record, the trial court may have taken the father’s testimony regarding the February 1995 order to mean that the Pennsylvania courts had entered an order pertaining to the mother’s child support obligation prior to the Florida support order of March 1996. Our review of the record, however, reveals no such order. In fact, the sworn URESA petition signed by the father alleges that the appellant was not under an order to provide support, and that the mother “should pay an amount of current support for the dependents as required by the law (guidelines) of the responding state.” Moreover, despite our request that he do so, the father has failed to present this court with either Judge Roekwalter’s order or any other order from the Pennsylvania courts addressing the mother’s child support obligation. Thus, we are left with a record indicating that, despite the prior Pennsylvania dissolution and custody orders, the only order pertaining to the mother’s child support obligation was the March 1996 order entered by the circuit court in Palm Beach County. Under these circumstances, we hold that the Palm Beach County circuit court had jurisdiction to modify its own order. See § 88.2051(l)-(4), Fla. *1254 Stat. (1997)(setting forth the circumstances under which the Florida courts will have jurisdiction over a support order).[1]
REVERSED and REMANDED.
DELL, J., and OWEN, WILLIAM C., Jr., Senior Judge, concur.

. This statute is part of the newly enacted Uniform Interstate Family Support Act, which became effective July 1, 1997, and applies to “all proceedings for support or for modification of support orders, or proceedings for determination of parentage, commenced on or after that date." Ch. 96-189, § 13, at 504, Laws of Fla. The mother’s petition for modification was filed on July 3, 1997 — after the effective date of the statute.